UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ERIC POOLE, 13731-055,

                         Petitioner,

                                                  **DECISION AND ORDER**
                                                          06-CR-42A
                   v.                                               09-CV-341A

UNITED STATES OF AMERICA,

                         Respondent.

───────────────────────────────

This case comes before the Court on a motion by petitioner for habeas corpus relief under 28 U.S.C. § 2255, and a cross-motion by the government to dismiss petitioner's motion. Petitioner claims that the government violated the Speedy Trial Act ("STA") when it filed an information approximately 17 months after it filed the complaint. During those 17 months, petitioner requested exclusions of time to pursue voluntary discovery and plea negotiations. Petitioner did not make any motions related to the STA during those 17 months. Petitioner then entered a plea agreement that included a Rule 11 acknowledgment and waiver. After sentencing, petitioner did not file a notice of appeal. Under these circumstances, the issue in this case is whether petitioner waived his right to attack his conviction and sentence. For the reasons below, the Court holds that an absence of motion practice, a knowing and voluntary plea agreement, a sentencing proceeding held without objections, and an absence of a direct appeal

constitute a waiver of any rights to a collateral attack. The Court thus will deny petitioner's motion and grant the government's cross-motion.

## BACKGROUND

Petitioner currently is serving a term of imprisonment of 60 months for possession of cocaine base with intent to distribute, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On August 31, 2004, the government filed a criminal complaint against petitioner alleging violations of Sections 841(a)(1) and 841(b)(1)(B). That same day, petitioner made an initial appearance with counsel before Magistrate Judge Foschio and agreed to an exclusion of time to explore the possibility of informal discovery. On December 3, 2004, petitioner consented to an exclusion of time related to an adjournment of a preliminary examination. On December 28, 2004, petitioner consented to an exclusion of time to discuss a possible plea disposition, a discussion that the parties stated would require "a lengthy adjournment." On April 19, 2005, petitioner advised Magistrate Judge Foschio of a change in his counsel and then consented to an exclusion of time for further plea discussions. On June 7, 2005, petitioner consented to another exclusion of time to continue plea discussions. On August 23 and October 25, 2005, petitioner consented again to exclusions of time to pursue a possible plea disposition. By letter dated December 6, 2005, petitioner requested one more exclusion of time "so that the matter may proceed by plea before Judge Elfvin." At no time before waiving indictment did petitioner file any papers expressing or

preserving a concern about the 17 months that passed between the filing of the complaint and filing of the waiver of indictment.

On January 27, 2006, petitioner signed a waiver of indictment form, and the government filed an information. That same day, petitioner and his counsel entered a plea agreement with the government. The first two pages of the plea agreement consisted of a series of Rule 11 acknowledgments and waivers. In these first two pages, petitioner acknowledged, *inter alia*, "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Within the plea agreement proper, paragraph 1 noted that petitioner "agrees to waive indictment" and agreed to plead guilty to a single count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Paragraph 6 of the plea agreement set forth the factual basis to which petitioner agreed. Paragraph 11 of the plea agreement explained that petitioner and the government both understood that petitioner's sentencing range would be a term of imprisonment of 121 to 151 months notwithstanding any statutory sentencing provisions. Paragraph 13 explained that petitioner "will not be entitled to withdraw the plea of guilty based on the sentence imposed by the court." Paragraph 14 explained that any charges against petitioner dismissed pursuant to the plea agreement would be reinstated in the event of a withdrawal of the plea or a vacation of the conviction by way of appeal, motion, post-conviction proceeding, or other collateral attack. The reinstatement period would

last for six months following the date on which the withdrawal of the guilty plea or the vacation of conviction became final. Paragraph 18 of the plea agreement explained that petitioner knowingly waived the right to appeal and collaterally attack "any component of the sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment."

On March 13, 2007, petitioner filed a sentencing memorandum. The sentencing memorandum presented character letters, requested a non-Guidelines sentence, and challenged the government's argument that money seized from petitioner was money attributable to cocaine base. This sentencing memorandum did not raise any issue related to the time that passed between the filing of the complaint and the guilty plea. The sentencing memorandum also did not raise any issue related to a knowing and voluntary acceptance of the plea agreement.

On July 31, 2008, petitioner was sentenced to a term of imprisonment of 60 months, a term of imprisonment considerably shorter than what was contemplated by the parties in the plea agreement. At sentencing, petitioner and his counsel expressed a desire to start "making amends for what [he] did in the past" and "to take advantage of everything [proper education and vocational training] that can be offered to him [while in prison]." Petitioner himself specifically advised the Court that "I know when I got caught selling drugs and I made up my mind then that I will never sell drugs again. I made a promise to

myself and my mother and my daughter."

The Clerk of the Court filed the final judgment in this case on August 18, 2008. According to the docket, at no time after the filing of the judgment did petitioner file a notice of appeal concerning his conviction and sentence.

On April 9, 2009, petitioner filed the pending motion seeking habeas corpus relief. In his motion, petitioner asserted two grounds for relief. First, petitioner claims that the government committed a speedy trial violation when it filed the complaint in this case on August 31, 2004 but did not file the information until January 27, 2006. Second, petitioner claims that his plea of guilty dated January 27, 2006 was not knowing and voluntary. According to petitioner, he would not have entered the plea had he known "that the time to charge me by indictment or information had expired." Petitioner does not attack his conviction on any grounds other than speedy trial grounds. Petitioner does not allege any other reason why his waiver of indictment and plea might not have been knowing and voluntary.

In opposition to petitioner's motion, the government asserts that petitioner knowingly and voluntarily entered a plea that waived his right to challenge his conviction and sentence. The government also asserts that petitioner received effective assistance of counsel in this case.

**DISCUSSION**

Petitioner no longer can raise speedy trial concerns in this case under the STA. As the docket indicates, petitioner at no time filed any motion papers raising any concerns about speedy trial violations. *See U.S. v. Abad*, 514 F.3d 271, 273 (2d Cir. 2008) ("[Petitioner] failed to file a timely pretrial motion to dismiss the indictment, and therefore waived his claim under the Speedy Trial Act. The Act provides that '[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.' 18 U.S.C. § 3162(a)(2). Accordingly, [petitioner] waived his claim under the Speedy Trial Act.") (citation omitted).[1] As noted above, petitioner and his counsel both signed a plea agreement that explicitly waived his right to an appeal or collateral attack. The colloquy at sentencing indicated that petitioner accepted responsibility for the charge against him and looked forward to turning his life around. No aspect of the colloquy at sentencing indicated coercion or hesitation to move forward. Petitioner never

---

[1] Regarding the application of the waiver provision in Section 3162(a)(2) to Section 3162(a)(1), see *U.S. v. Spagnuolo*, 469 F.3d 39, 44 (1st Cir. 2006) ("Applying the normal rules of statutory construction leads us to conclude that the motion and waiver provision of § 3162(a)(2) also applies to § 3162(a)(1) speedy indictment claims, because 'section' must refer to all of § 3162, and not just to the paragraph in § 3162 where the motion and waiver provision was (improvidently) located. Other references in the STA confirm that the drafters of the Act followed the hierarchy prescribed by the House and Senate drafting manuals. Other courts of appeals also have applied the waiver provision of § 3162(a)(2) to speedy indictment claims under §§ 3161(b) and 3162(a)(1).") (citations omitted).

6

attempted any direct appeal of his conviction or sentence. *Cf. Sunal v. Large*, 332 U.S. 174, 178 (1947) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal."). As a result, petitioner cannot now raise a concern that he both neglected to preserve and affirmatively waived through his conduct.

## CONCLUSION

For all of the foregoing reasons, petitioner's motion is denied, and the government's cross-motion is granted. The Clerk of the Court is directed to close the civil action related to petitioner's motion.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: June 17, 2009